UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALL FUNDS ON DEPOSIT IN ANY AND ALL U.S. INTERBANK ACCOUNTS MAINTAINED AT THE STANDARD CHARTERED BANK NEW YORK BRANCH BY THE STANDARD CHARTERED BANK, SHENZHEN CHINA UP TO AND INCLUDING THE AMOUNT OF $3,120,186.55 WHICH SUM REFLECTS THE AMOUNT OF CERTAIN FUNDS DEPOSITED INTO THE STANDARD CHARTERED BANK, SHENZHEN, CHINA IN THE NAME OF SWISS DEVELOPMENT CORPORATION INTERNATIONAL LIMITED,

ALL FUNDS ON DEPOSIT IN ANY AND ALL U.S. INTERBANK ACCOUNTS MAINTAINED AT THE STANDARD CHARTERED BANK NEW YORK BRANCH BY THE STANDARD CHARTERED BANK, SHENZHEN CHINA UP TO AND INCLUDING THE AMOUNT OF $96,108.00 WHICH SUM REFLECTS THE AMOUNT OF CERTAIN FUNDS DEPOSITED INTO THE STANDARD CHARTERED BANK, SHENZHEN, CHINA IN THE NAME OF QINBA INTERNATIONAL LIMITED,

ALL FUNDS ON DEPOSIT IN ANY AND ALL U.S. INTERBANK ACCOUNTS MAINTAINED AT THE BANK OF CHINA LIMITED, NEW YORK BRANCH BY THE BANK OF CHINA, JILIN, CHINA UP TO AND INCLUDING THE AMOUNT OF $81,691.00 WHICH SUM REFLECTS THE AMOUNT OF CERTAIN FUNDS DEPOSITED INTO THE BANK OF CHINA, JILIN, CHINA IN THE NAME OF YUJUN ZHAO,

**WARRANT OF ARREST AND NOTICE IN REM**

C.A. No.
CA 07 141S

ALL FUNDS ON DEPOSIT IN ANY AND ALL )
U.S. INTERBANK ACCOUNTS MAINTAINED )
AT THE BANK OF CHINA LIMITED, )
NEW YORK BRANCH BY THE BANK OF )
CHINA, JILIN, CHINA UP TO AND )
INCLUDING THE AMOUNT OF $109,350 )
WHICH SUM REFLECTS THE AMOUNT OF )
CERTAIN FUNDS DEPOSITED INTO THE )
BANK OF CHINA, JILIN, CHINA IN THE )
NAME OF GENESCIENCE )
PHARMACEUTICALS CO., LIMITED )
)
Defendants )

**WARRANT OF ARREST AND NOTICE IN REM**

To the United States Marshal for the District of Rhode Island, the Attorney General of the United States, the Secretary of the United States Treasury Department, or any other duly authorized Law Enforcement Officer:

WHEREAS, a Verified Complaint for Forfeiture in Rem has been filed on April 16, 2007, in the United States District Court for the District of Rhode Island, alleging that the property noted below (the Defendant Properties) are proceeds of the specified unlawful activities of smuggling in violation of 18 U.S.C. § 545, which proceeds were deposited into foreign banks having interbank accounts in the United States, and as a result, are subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C) and 981(k):

1) All funds on deposit in any and all U.S. interbank accounts maintained at the Standard Chartered Bank, New York branch by the Standard Chartered bank, Shenzhen, China up to and including the amount of **$3,120,186.55**.

2) All funds on deposit in any and all U.S. interbank accounts maintained at the Standard Chartered Bank, New York branch by the Standard Chartered Bank, Shenzhen, China up to and including the amount of **$96,108.00**.

3) All funds on deposit in any and all U.S. interbank accounts maintained at the Bank of China Ltd., New York branch by the Bank of China, Jilin, China up to and including the amount of **$81,691.00**.

4) All funds on deposit in any and all U.S. interbank accounts maintained at the Bank of China Ltd., New York branch by the Bank of China, Jilin, China up to and including the amount of **$109,350**.

The Court, being satisfied that, based on the Verified Complaint for Forfeiture In Rem and the attached affidavit, there is probable cause to believe that the value listed as contained in the defendant-in-rem interbank account, and all proceeds traceable thereto, constitute property derived from proceeds traceable to violations of 18 U.S.C. § 545, and are, therefore, subject to forfeiture to the United States pursuant to 18 U.S.C. 981(a)(1)(A), 981(a)(1)(C), 981(k)(1)(A ); and, further,

The Court, being satisfied that, based on the Verified Complaint for Forfeiture in Rem and attached affidavit, there is probable cause to believe that the value of the funds captioned as the defendant-in-rem in this case were deposited into an accounts at the Standard Chartered Bank and the Bank of China, and that the Standard Chartered Bank and the Bank of China have interbank accounts in the United States with a covered financial institution (as defined in 31 U.S.C. § 5318(j)(1)), and is, therefore, deemed to have been deposited into the captioned interbank account in the United States, and is subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(k);

YOU ARE, THEREFORE, COMMANDED to arrest and seize the captioned defendant-in-rem property, and use discretion and whatever means appropriate to protect and maintain the property pending the outcome of this action;

IT IS FURTHER ORDERED that the financial institution having custody and control over the captioned defendant-in-rem interbank account shall freeze the captioned account up to

the value specified for the account in the caption of this case, so that it may not be withdrawn, debited, removed or reduced in any fashion by any person;

IT IS FURTHER ORDERED that the financial institution having custody and control over the captioned defendant-in-rem interbank account shall permit additional credits to the captioned interbank accounts to be received, as necessary, for a period of up to three business days from the time of the initial seizures up to the values specified in the caption of this case;

IT IS FURTHER ORDERED that the financial institution having custody and control over the captioned defendant-in-rem interbank account shall not disclose the existence of this Warrant of Arrest and Notice in Rem to the foreign bank (having said interbank account) until such time as the value specified in the caption of this case for that particular financial institution's interbank account has been frozen or seized;

IT IS FURTHER ORDERED that the financial institution having custody and control over the captioned defendant-in-rem account shall transfer the funds then on hand in the captioned interbank account, up to the values specified in the caption of this case, in the form of a bank treasury or cashier's check payable to the "United States Marshal's Service," to any Duly Authorized Law Enforcement Officer. To the extent that the amount on hand is less than the amount authorized to be seized at the time the warrant is served, the financial institution shall similarly surrender any additional funds, in the aggregate up to the amount authorized, that accrue in the account for three days from the initial presentation of the warrant;

IT IS FURTHER ORDERED that the United States Marshal shall maintain custody of the defendant-in-rem funds until further order of this Court respecting the same, and shall use his discretion and whatever means appropriate to protect and maintain said defendant-in-rem funds;

IT IS FURTHER ORDERED that the United States Marshal shall serve upon all potential claimants to the defendant-in-rem funds, a copy of this Warrant of Arrest and Notice in Rem, and the Verified Complaint for Forfeiture in Rem, in a manner consistent with the principles of service of process in an action in rem under Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims and Title 18, United States Code, Section 983(a);

IT IS FURTHER ORDERED that any and all financial institutions served with a copy of this Warrant of Arrest in Rem shall promptly disclose to the Duly Authorized Law Enforcement Officer serving said Warrant the preseizure balance on deposit in the defendant-in-rem interbank account; and

IT IS FURTHER ORDERED that all persons claiming an interest in or right against the defendant-in-rem funds shall file their Verified Claims within thirty five (35) days after service of the Complaint or 30 days after final publication of notice of the filing of the Complaint, whichever is earlier, or within such additional time as the Court may allow, pursuant to Title 18, United States Code, Section 983(a)(4) and Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, and shall serve and file their Answers to the Complaint within twenty (20) days after the filing of their Verified Claims with the Office of the Clerk, United States District Court for the District of Rhode Island, with a copy sent to Assistant United States Attorney Michael P. Iannotti, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, Rhode Island 02903; and

IT IS FURTHER ORDERED that should said property not be released within ten (10) days after the execution of process under appropriate order of this Court, then and in that event the United States Marshal is directed to give notice of this action and arrest to all persons by

publication in a newspaper having a general circulation in the District in which the property was originally seized, and said notice to specify that the claim must be filed within thirty (30) days after the publication as provided and the answer within twenty (20) days after the filing of the claim; and

IT IS FURTHER ORDERED that a return of this Warrant of Arrest and Notice in Rem shall be promptly made to the Court, identifying the individuals upon whom copies were served and the manner employed.

David L. Martin

DAVID L. MARTIN
UNITED STATES MAGISTRATE JUDGE

Dated: 4-16-07